# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RANDY A. HART,**

    **Plaintiff,**

**vs.**                                                          **Case No. 4:17cv219-MW/CAS**

**WARDEN SCOTT PAYNE,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Case number 5:17cv213 was initiated by the pro se Plaintiff in the Middle District of Florida.  It was transferred to this Court, ECF Nos. 4-5, and opened as case number 4:17cv219 in late May 2017.  ECF No. 5.

An Order was entered on June 27, 2017, noting that Plaintiff had submitted an in forma pauperis motion, but explaining why it was insufficient.  ECF No. 7.  Plaintiff was required to file a proper motion on court forms, supported by the filing of a signed Prisoner Consent Form, and printout of his inmate bank account statement for the six month period of time immediately preceding case initiation.  ECF No. 7.  Plaintiff was also required to file an amended complaint on the form which is used in this

Court. ECF No. 7 at 4. That Order reminded Plaintiff of the federal statute which precludes the filing of a civil rights case by a prisoner if he "has had three prior actions or appeals 'dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.'" ECF No. 7 at 3-4 (quoting 28 U.S.C. § 1915(g)).

Plaintiff has now filed an amended complaint against Defendant Scott Payne, the Warden at Franklin Correctional Institution. ECF No. 8. The complaint contains few factual allegations and, instead, quotes from case law. More importantly, Plaintiff's amended complaint does not state factual allegations which show Plaintiff is in imminent danger of serious physical injury, nor does Plaintiff identify all his prior cases or acknowledge that § 1915(g) is applicable to him. Plaintiff identified only one prior case, case number 16-21395, which was filed in the Southern District of Florida and dismissed on April 21, 2016. ECF No. 8 at 4. Plaintiff contends he does not remember the reason that case was dismissed. *Id.*

Plaintiff also said within the complaint that he had "submitted several request[s] for the 6 month statement of the inmate trust fund account . . . to [no] avail, no response from facility staff." ECF No. 8 at 6. Plaintiff

suggested that a court order would be needed "to force the D.O.C. to produce the 6 month statement." *Id.*

Near the time this case was initiated, Plaintiff also sought to bring another civil rights action. Plaintiff initiated case number 5:17cv195 in the Middle District of Florida and it was also transferred to this Court. Case number 4:17cv201-MW/CAS was opened for Plaintiff on June 5, 2017. A Report and Recommendation was entered in that case on June 27, 2017, detailing the fact that Plaintiff did not list all of his prior litigation and did not disclose his prior cases which were dismissed for the reasons listed in 28 U.S.C. § 1915(g). ECF No. 11 of case # 4:17cv201.

As outlined previously, Plaintiff did not honestly disclose his prior litigation history. It is unnecessary to list all the cases Plaintiff has filed. It is sufficient to note that Plaintiff Randy Allen Hart, inmate # 075432,[1] filed case number 1:16cv21395-UU, a prisoner civil rights action, in the Southern District of Florida. It was dismissed on May 9, 2016, "pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief could be granted." ECF No. 6 of that case. Plaintiff also filed case number

---

[1] In all cases cited, it has been confirmed that Plaintiff Randy Hart is the same person who filed the other cases as his inmate number is the same.

Case No. 4:17cv201-MW/CAS

8:16-cv-1337-T-33JSS in the Middle District of Florida. It was dismissed on June 3, 2016, for failing to state a claim because he brought a § 1983 claim against his public defender, who is not a state actor. Plaintiff filed case number 1:15cv21257-DPG in the Southern District of Florida. It was dismissed on August 31, 2015, for failing "to state a cognizable claim for relief under Section 1983." ECF No. 33 of that case.

In addition, Plaintiff had a case dismissed on August 1, 2016, in the Middle District of Florida because he had "three strikes" and did not allege sufficient facts to show he was imminent danger of serious physical injury. Case # 8:16cv02109-SDM-AEP. That dismissal reveals that Plaintiff is well aware that he is not entitled to in forma pauperis status and has had cases dismissed which should have been listed in the complaint form. Plaintiff's lack of candor and wilful failure to honestly disclose his previous lawsuits warrants dismissal of this case for abuse of the judicial process. Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for abuse of the judicial process); Jackson v. Florida Dep't of Corr., 491 F. App'x 129, 132 (11th Cir. 2012) (holding that it is not an abuse of discretion to dismiss prisoner's civil rights case as a sanction for failing to honestly disclose all prior cases and reason for dismissal).

Case No. 4:17cv201-MW/CAS

Moreover, this case should be dismissed because Plaintiff is not entitled to proceed with in forma pauperis status pursuant to § 1915(g). Plaintiff's amended complaint does not provide facts which demonstrate he "is under imminent danger of serious physical injury" from Warden Scott Payne as required by 28 U.S.C. § 1915(g). Plaintiff alleges that untruthful information was stated in a "bogus disciplinary report," issued in retaliation. No allegations are presented showing any actions by the Warden. Rather, Plaintiff seeks to hold the Warden liable on a theory of supervisory liability. That is insufficient to meet the required showing of § 1915(g). Because Plaintiff did not pay the filing fee at the time he sought to initiate this case, this case should be dismissed. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (concluding that "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit."); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "prisoner cannot simply pay the filing fee after being denied in forma pauperis status" and must "pay the filing fee at the time he initiates the suit.").

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to honestly disclose all prior cases and because Plaintiff is not

Case No. 4:17cv201-MW/CAS

entitled to proceed without full payment of the filing fee pursuant to 28 U.S.C. § 1915(g).  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g.

**IN CHAMBERS** at Tallahassee, Florida, on July 19, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**